Bruce G. Chapman (State Bar No. 164,258)
bchapman@cblh.com
Jonathan A. Jaech (State Bar No. 191,530)
jjaech@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
355 S. Grand Ave., Suite 3150
Los Angeles, CA 90071
Tel: (213) 787-2500
Fax: (213) 687-0498

Attorneys for Plaintiff
PARKER-HANNIFIN CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| PARKER-HANNIFIN CORPORATION | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR PATENT |
| | ) | INFRINGEMENT; DEMAND FOR |
| v. | ) | JURY TRIAL |
| | ) | |
| WIX FILTRATION CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————— | ) | |
| | ) | |
| And Related Counterclaims. | ) | |
| ————————————————— | ) | |

**THE PARTIES**

1.    Plaintiff Parker-Hannifin Corporation ("Parker") is an Ohio Corporation having its headquarters at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141 and having its Racor Division at 3400 Finch Road, Modesto, California 95353.

2.    On information and belief, Defendant Wix Filtration Corporation ("Wix") is a Delaware Corporation having its headquarters at 1 Wix Way, Gastonia, North Carolina 28052, and its sells various products in California through retailers,

distributors and resellers, including the produces at issue in
this action.

## JURISDICTION AND VENUE

3.   This is an action for patent infringement arising
under the patent laws of the United States, 35 U.S.C. § 1 et
seq.

4.   This Court has subject matter jurisdiction pursuant to
28 U.S.C. §§ 1331 and 1338.

5.   Venue in this District is proper under 28 U.S.C. §§
1391 and 1400(b).

## BACKGROUND

6.   On April 29, 2003, U.S. Patent No. 6,554,139 ("the
'139 patent"), entitled "Extension And Locking Assembly For
Dripless Element And Container Therefore," was duly and legally
issued by the United States Patent and Trademark Office.  A true
and correct copy of the '139 patent is attached as Exhibit A.

7.   On September 28, 2004, U.S. Patent No. 6,797,168 ("the
'168 patent"), entitled "Keyed Latch Valve For Fuel Filter," was
duly and legally issued by the United States Patent and
Trademark Office.  A true and correct copy of the '168 patent is
attached as Exhibit B.

8.   On January 10, 2006, United States Patent 6,983,851
("the '851 patent"), entitled "Extension And Locking Assembly
For Dripless Element And Container Therefore," was duly and
legally issued by the United States Patent and Trademark Office.

A true and correct copy of the '851 patent is attached as Exhibit C.

9.   On January 17, 2006, U.S. Patent No. 6,986,426 ("the '426 patent"), entitled "Extension And Locking Assembly For Dripless Element And Container Therefore," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '426 patent is attached as Exhibit D.

10.   The '139; '168; '851; and '426 patents are owned by Parker Intangibles LLC, a Delaware limited liability company. Parker is the exclusive licensee of the '139; '168; '851; and '426 patents, with the right to sue for past, present and future infringement and the right to seek injunctive relief and monetary damages.

11.   Wix manufactures and sells filter elements, including an oil filter element designated as Wix 57314 or NAPA Gold 7314 or Carquest 84314 ("the accused oil filters").  Upon information and belief, the accused oil filters are sold to retailers, distributors and resellers who resell the product throughout the United States, including in the State of California.

12.   Wix manufactures and sells a set of fuel filter elements designated as Wix 33599 or NAPA Gold 3599 or Carquest 86599 ("the accused fuel filters").  Upon information and belief, the accused fuel filters are sold to retailers, distributors and resellers who resell the product throughout the United States, including in the State of California.

COUNT ONE

13.  Parker incorporates the allegations set forth in Paragraphs 1-12 above as if each were separately set forth at length herein.

14.  The accused oil filters infringe one or more claims of the '139 patent.

15.  Wix is infringing and inducing others to infringe the '139 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

16.  Parker has suffered and will continue to suffer damages and irreparable injury as a result of Wix's infringement.

17.  Wix was given actual notice of Parker's rights in the '139 patent.  Despite actual knowledge of Parker's patent rights and their applicability to the accused oil filters, Wix has willfully and wantonly continued to infringe Parker's rights in the '139 patent.

COUNT TWO

18.  Parker incorporates the allegations set forth in Paragraphs 1-12 above as if each were separately set forth at length herein.

19.  The accused fuel filters infringe one or more claims of the '168 patent.

1   20.  Wix is infringing and inducing others to infringe the

2   '168 patent in violation of 35 U.S.C. § 271, such acts of

3   infringement have been committed in this judicial district and

4   others, and will continue to do so unless and until enjoined by

5   the Court.

6   21.  Parker has suffered and will continue to suffer

7   damages and irreparable injury as a result of Wix's

8   infringement.

9

10                          COUNT THREE

11  22.  Parker incorporates the allegations set forth in

12  Paragraphs 1-12 above as if each were separately set forth at

13  length herein.

14  23.  Wix was given actual notice of Parker's published

15  United States Patent Application 2005126983 ("the published '983

16  application"), which subsequently issued as the '851 patent.

17  24.  The accused oil filters infringe one or more claims of

18  the '851 patent that are substantially identical to the

19  invention as claimed in the published '983 application.

20  25.  Wix is infringing and inducing others to infringe the

21  '851 patent in violation of 35 U.S.C. § 271, such acts of

22  infringement have been committed in this judicial district and

23  others, and will continue to do so unless and until enjoined by

24  the Court.

25

26

27

28

COMPLAINT
442962_1                          6

26.  Parker has suffered and will continue to suffer damages and irreparable injury as a result of Wix's infringement.

### COUNT FOUR

27.  Parker incorporates the allegations set forth in Paragraphs 1-12 above as if each were separately set forth at length herein.

28.  Wix was given actual notice of Parker's published United States Patent Application 2005150825 ("the published '825 application"), which subsequently issued as the '426 patent.

29.  The accused oil filters infringe one or more claims of the '426 patent that are substantially identical to the invention as claimed in the published '825 application

30.  Wix is infringing and inducing others to infringe the '426 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

31.  Parker has suffered and will continue to suffer damages and irreparable injury as a result of Wix's infringement.

WHEREFORE, Parker requests that a judgment be entered against Wix:

a.  Preliminarily and permanently enjoining Wix, its officers, employees, subsidiaries, agents, attorneys and all

persons in active concert with them, from any further

infringement of the '139; '168; '851; and '426 patents ;

       b.   Awarding damages, costs and interest to Parker

under 35 U.S.C. §§ 284 and 154(d);

       c.   Awarding up to treble damages upon a finding that

Wix's infringement has been willful and wanton under 35 U.S.C. §

284;

       d.   Declaring this case exceptional and awarding

Parker its reasonable attorney's fees, pursuant to 35 U.S.C. §

285; and

       e.   Awarding Parker such other and further relief as

this Court deems just and proper.

### DEMAND FOR JURY TRIAL

   32.   Parker hereby demands a jury trial on all triable

issues presented by counts one through four and Parker's prayer

for relief.

                 Connolly Bove Lodge & Hutz LLP

Dated:

                 Jonathan A. Jaech
                 Attorneys for Plaintiff
                 PARKER-HANNIFIN CORPORATION

(THIS PAGE INTENTIONALLY LEFT BLANK)