UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

_____
PARKER-HANNIFIN CORPORATION and )
PARKER INTANGIBLES LLC,             )
                                    )
     Plaintiffs,                         )
                                    )
v.                                  )   CIV. F-06-00098-DFL
                                    )
WIX FILTRATION CORPORATION,         )
                                    )
     Defendant.                          )
_____)

**STIPULATED PROTECTIVE ORDER**

     WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties having stipulated to the entry of this Protective Order, and the Court having found that the entry of this Protective Order is in the best interests of the parties and of the prompt and efficient adjudication of this action,

     IT IS HEREBY ORDERED as follows:

     1.    *Confidential Materials Defined*.  This Stipulation and Protective Order shall apply to all information, documents and things subject to discovery or testimony in this action, which are owned or controlled by a party or non-party subpoenaed in connection with this action and reasonably and in good faith believed by that party or non-party to contain its trade secrets or other confidential research, development, proprietary, financial or commercial information or information of a competitive nature, including, without limitation, testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31, answers to interrogatories pursuant to Fed. R. Civ. P. 33, information obtained from inspection of documents, premises or things pursuant to Fed. R. Civ. P. 34, responses to requests for admissions pursuant to Fed. R. Civ. P. 36, and information contained in testimony at trial.  The term "**Confidential**

499926

**Materials**" shall include all information, documents and things derived from the foregoing, including, but not limited to, originals, copies, summaries and abstracts of the foregoing. It also may include information that does not fall within the foregoing but that requires confidential treatment. The producing party shall exercise good faith in designating information as **Confidential Materials**.

2. *Confidential Designation*. The producing party shall label or mark documents and things that it deems to be **Confidential Materials** with the legend **"Confidential"** or **"Confidential- Attorneys' Eyes Only"** on the face thereof, including on each page thereof where appropriate, at the time of production or copying. **Confidential Materials** requiring restriction to use in connection with this litigation only shall be marked "**Confidential.**" **Confidential Materials** of a highly sensitive nature, the disclosure of which to the opposing party even in connection with this litigation likely could result in competitive injury, shall be marked **"Confidential-Attorneys' Eyes Only."** Upon written notice to the receiving party, the producing party may, in its discretion, make documents available for inspection before it marks or labels any of them as **Confidential Materials**, and, if it does so, the documents shall be considered to be **Confidential — Attorneys' Eyes Only** until the producing party has had an opportunity to mark with the appropriate legend copies of those documents designated by the opposing party for copying.

3. *Information Obtained Other Than Through Discovery.* Nothing in this Order shall prevent any party or non-party from using in any manner, or disclosing information or the contents of publicly available information or documents, its own documents or information, or documents of information lawfully obtained from any source that has a right to disclose it, other than through discovery in this action.

4. *Inspection of Premises.* In the case of inspection of premises, the producing party, at the time of inspection, shall designate in writing to the inspecting party the areas that it believes may

499926

lead to the disclosure of **Confidential Materials.** The producing party shall have the right to exclude persons not permitted to review **Confidential Materials** pursuant to ¶¶ 8 and 9 below from the areas which contain **Confidential Materials**, as appropriate.

     5.    ***Designation of Deposition Testimony.*** In the case of depositions upon oral examination, either party may designate portions of the testimony of a witness as **Confidential** or **Confidential-Attorneys' Eyes Only** on the record during the deposition or in writing within twenty-one (21) days following receipt by counsel of record of the transcript of the deposition. Irrespective of whether any designation is made at the time a deposition is taken, the entire transcript shall be treated as containing **Confidential — Attorneys' Eyes Only** materials during the twenty-one day period. In addition, any party may use **Confidential Materials,** including documents, at any deposition in this action pursuant to and consistent with the terms of this Order. In the event that the transcript, or any portion thereof, of a deposition is designated **Confidential** or **Confidential-Attorneys' Eyes Only,** the deposition transcript may only be shown to the persons specified in paragraph number 8 or 9 below, as applicable. Those portions of a transcript from any proceeding that contain **Confidential Materials** shall be separately bound from the non-confidential portions and appropriately designated. Information disclosed at a deposition that is not designated as **Confidential Material** pursuant to this paragraph may be treated as though it is not **Confidential Material.** The designating party shall have the right, before the taking of testimony which the designating party designates as **Confidential** or **Confidential – Attorneys' Eyes Only** and is subject to this Protective order, to exclude from portions of a deposition all persons other than those qualified to receive such information pursuant to ¶¶ 8 or 9.

     6.    ***Responses to Discovery Requests.*** Any answer to an interrogatory or response to a request for admission that contains **Confidential Material** shall be designated as **Confidential** or

499926

**Confidential-Attorneys' Eyes Only** and clearly shall specify the portion of the answer or response that constitutes the **Confidential Material.**

7.  *Use of Confidential Materials.*  **Confidential Materials** shall be used by the non-producing party, by a person or entity employed by a non-producing party, by such party's counsel or by anyone else granted access under this Order solely for the purpose of prosecuting or defending this litigation and not for any other purpose, including, but not limited to, use in any business or commercial enterprise.

8.  *Disclosure of Confidential Documents.*  Except with the prior written consent of the producer, or in accordance with the procedures set forth in paragraphs 11 and 12, no document designated as **Confidential**, and no information contained therein, may be disclosed to any person other than the following:

   a.  Outside counsel of record, including other attorneys in their firms, for the parties to the litigation.

   b.  Secretaries, legal assistants, and clerical personnel employed by such counsel who are actively engaged in assisting such counsel with the prosecution or defense of this action.

   c.  The authors, senders, addressees and copy recipients for any particular item of the producing party's **Confidential Materials**.

   d.  The parties, including their employees, provided that any such employee of the receiving party reads and signs an undertaking in the form attached hereto as Exhibit A before being provided with **Confidential Materials** of the producing party.

   e.  This Court, including Court personnel.

499926

  f. Court reporters, videographers, and their respective staffs in the performance of their official duties.

  g. Consultants or experts and their staffs retained solely for purposes of this litigation, who first agree to be bound by the terms of this Protective Order by signing an undertaking in the form attached hereto as Exhibit A, but only in accordance with the provisions of ¶ 10 of this Protective Order.

  h. Persons or entities noticed for depositions or designated as trial witnesses and their counsel, only to the extent reasonably and in good faith deemed necessary by counsel for any of the parties, to prepare such deponents and witnesses to testify and provided that prior to disclosure of **Confidential Materials**, the proposed recipient reads and signs an undertaking in the form attached hereto as Exhibit A and provided further that if such person is a current employee of the producing party, no such agreement will be required.

  i. non-parties specifically retained to assist counsel of record with copying and computer services necessary for document handling or other litigation support.

  j. Any other person upon the prior written consent of the producing party or upon order by the Court.

  9. ***Disclosure of "Confidential - Attorneys' Eyes Only" Documents.*** Documents designated as "**Confidential -Attorneys' Eyes Only**" and information contained therein may be disclosed only to those persons identified in subparagraphs (a), (b), (c), (e), (f), (g), (i) and (j) of paragraph 8.

  **10.** **Identification of Experts.** If any party desires to disclose **Confidential Materials** to any expert or consultant pursuant to ¶¶ 8(g) or 9 above, it must first provide written notice to the attorneys for the producing party identifying each such expert or consultant.  Attorneys for the

499926

producing party shall have five (5) business days from receipt of such notice to object to the disclosure of such information to any of the experts or consultants so identified.  Any party that fails to object within 5 business days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure.  No **Confidential Materials** may be disclosed to any proposed expert or consultant until such time as the parties have agreed upon disclosure to the expert, or in the absence of such agreement, until the Court rules on a timely motion made pursuant to this Order.  Written notice identifying a proposed expert pursuant to this section shall include the full name and professional address and/or affiliation of the proposed individual, an up-to-date curriculum vitae or resume, and a list of cases in which the individual has testified at deposition, hearing or trial within the last four (4) years.  The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party opposing disclosure of the **Confidential Materials** to the proposed individual may move the Court for an Order prohibiting the disclosure, and shall bear the burden of proof with respect to the propriety of its objection and prevention of the proposed individual from reviewing any confidential material in connection with his/her retention.  Any party that fails to file such a motion within five (5) business days of notifying a party of an objection to disclosure pursuant to this section shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert or consultant.

      11. *Inadvertent Failure to Designate Confidential Materials.*  If a party inadvertently produces **Confidential Material** without having designated it as confidential, the producing party promptly shall inform the receiving party of the inadvertent disclosure in writing and the receiving party shall thereafter treat the material as **Confidential Material.**  If the receiving party has disclosed the material to persons not authorized to see the material, the receiving party will make

499926

every reasonable effort to retrieve the **Confidential Material** from such persons and to limit any further disclosure to unauthorized persons.

12. *Accidental Disclosure.*  If a party accidentally discloses **Confidential Material** to an unauthorized person, the party responsible for the disclosure promptly shall advise the producing party, shall make every reasonable effort to retrieve the material and to prevent further disclosure to unauthorized persons.  If a party inadvertently discloses to another party information that is privileged or otherwise immune from disclosure, the producing party promptly shall inform the receiving party, in writing, of the disclosure and the receiving party shall make every reasonable effort to return the privileged or otherwise immune information.  Any inadvertent disclosure shall not produce a waiver of any privilege or immunity that otherwise would apply.

13. *Attorney-Client Advice.*  Nothing in this Order shall bar or otherwise restrict any counsel of record from rendering advice to his or her client with respect to this action and, in the course thereof, from relying upon his examination of **Confidential Materials** provided, however, that in rendering such advice, and in otherwise communicating with his client, such counsel shall not disclose the contents of any document or information designated as **Confidential-Attorneys' Eyes Only**, unless otherwise expressly permitted herein.

14. *Use of Confidential Materials in Court Proceedings.*  **Confidential Materials,** including deposition transcripts, may be referred to in discovery responses, motions, briefs and other communications with the Court.  They also may be used at depositions, hearings, trial or other proceedings including, but not limited to, the examination or cross-examination of any witness provided, however, that only persons qualified to have access to the **Confidential Materials** shall be present at the proceeding.  If the receiving party intends to disclose **Confidential Materials** at any deposition, hearing, trial or other proceeding at which persons other than employees of the producing

499926

party and authorized persons are present, the producing party shall be given sufficient advance notice to assert an objection and, if necessary, suspend the proceeding and seek a ruling from the Court.

15. ***Designation of Documents Under Seal.*** Any **Confidential Materials** filed with the Court shall be filed with a Motion to Impound pursuant to Rule 7.2 of the Local Rules of the Eastern District of California. The clerk of this Court is to maintain such information under seal and make it available only to the Court and to persons authorized by the terms of this Order unless the Court denies the Motion to Impound, in which case the clerk will permit the party filing the materials, at its option, to retrieve the information prior to it being placed in the public file. The party filing any paper which reflects, contains or includes any information or document subject to this Protective Order shall title such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, and the legend CONFIDENTIAL. At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in paragraph 16 below.

16. ***Continuing Effect.*** This Stipulation and Protective Order shall remain in effect after the termination of this action. Within ninety (90) days after final termination of this action, whether by appeal, judgment, settlement or otherwise, all **Confidential Materials** in the possession of a party shall be returned to the producing party or person or, alternatively and at the request of the producing party, be destroyed. The foregoing notwithstanding, one counsel of record for each party may retain one copy of all **Confidential Materials** solely for reference in the event of a dispute over the use or dissemination of information subject to the terms herein established and one copy of all documents that form the official record of this action. Further, upon termination of this action, each

499926

party that has delivered **Confidential Materials** to the Court's chambers shall request their return and, upon their return, shall dispose of them according to the procedures set forth in this paragraph.

17.  *Non-Parties.*  Any information produced or disclosed by a non-party pursuant to a subpoena or otherwise in this action shall be covered by the terms of this Protective Order by marking or identifying such information pursuant to the terms of this Protective Order.  Any party may designate any materials produced in this action by a non-party as "Confidential" or "Confidential-Attorneys' Eyes Only" under the terms of this Stipulation.

18.  *Non-Waiver and Non-Admission.*  The execution of this Stipulation and Protective Order shall not be construed as an agreement by any person or party to produce or supply any information, document or thing, or as a waiver by any person or party of this right to object to the production of any information, document or thing, or as a waiver of any claim of privilege with regard to the production of any information, document or thing.  In addition, nothing contained in this Order shall be construed an admission by any party that any document, information or other material designated as **Confidential Materials** is in fact confidential, proprietary or a trade secret.

19.  *Time of Effectiveness.*  The parties agree to treat this Stipulation and Protective Order as entered by the Court as of the date it becomes fully executed by the parties.  In the event that the fully executed Order should be rejected by the Court, or that the Court should require any changes in the executed Order, the parties agree to treat any properly marked material or information produced in the interim as **Confidential Materials** according to the dictates of this Stipulation and Protective Order as originally executed.

20.  *Sanctions.*  The Court may impose appropriate sanctions for any violation of this Order.

499926

21.     ***Review and Challenges to Confidentiality.***  Any dispute regarding the procedures or obligations set forth in this Protective Order shall be resolved by the Court.  Nothing in this Agreement shall prevent any party from (a) claiming that any materials designated hereunder are not entitled to the protections of this Protective Order; (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (c) applying for a further Order modifying this Protective Order in any respect.  In the case of (b), the party which designated the particular confidential nature of the information shall have the burden of proof on that issue.  If a party seeks declassification or removal of particular materials from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

(a)     The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof, specifying the designated information as to which such removal is sought and the reasons for the request; and

(b)     If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the party requesting the declassification or removal or particular items may challenge the designation by motion.

22.     ***No Evidentiary Significance.***  The designation by a party or non-party of any information, document or other material as **Confidential Material** shall have no evidentiary significance and may not be used at a hearing or at trial for any purpose.  A party's failure to object to a producing party's designation shall likewise have no evidentiary significance and shall not constitute an admission that the information is confidential, proprietary or a trade secret.

499926

**IT IS SO ORDERED:**

Dated:  11/21/2006

_____
DAVID F. LEVI
United States District Judge

The parties, through counsel, stipulate to the entry of the foregoing Order.

_____              _____
Rudolf E. Hutz, Esquire                                             Joseph P. Lavelle
Harold Pezzner, Esquire                                           Jennifer L. Dzwonczyk
R. Eric Hutz, Esquire                                                 Howrey LLP
Connolly, Bove, Lodge & Hutz LLP                          1299 Pennsylvania Avenue, N.W.
The Nemours Building                                             Washington, D.C.  20004
1007 North Orange Street                                        (202) 783-0800
Wilmington, DE 19801
(302) 658-9141

Attorneys for Plaintiffs,                                             Attorneys for Defendant,
PARKER-HANNIFIN CORPORATION                     WIX FILTRATION CORPORATION
and PARKER INTANGIBLES LLC

499926

Dated: _____			Dated: _____

499926

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION and ) <br> PARKER INTANGIBLES LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WIX FILTRATION CORPORATION, ) <br> ) <br> Defendant. ) | CIV. F-06-00098-DFL |

**ACKNOWLEDGMENT**

I, _____, have read the attached Stipulated Protective Order entered in the captioned matter, and I understand the contents thereof. I hereby agree to comply with all terms, conditions and restrictions contained in said Stipulated Protective Order regarding the use and disclosure of any confidential materials I have reviewed, or will review, in connection with this matter, and I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of California for any proceedings involving the enforcement of this Protective Order.

Dated: _____

_____
[Name]

_____
[Signature]

499926